CLD-304                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2965
_____

IN RE:  LUIS FERNANDEZ RUIZ-HERRERA,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 2-06-cr-00537-003)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 10, 2014
Before:  FUENTES, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 14, 2014)
_____

OPINION
_____

PER CURIAM

Luis Fernandez Ruiz-Herrera (also known as Roer Davila) has filed a petition for a

writ of mandamus asking this Court to direct the United States District Court for the

Eastern District of Pennsylvania to compel Ruiz-Herrera's appointed counsel to contact

him or, in the alternative, to appoint new counsel.  For the reasons that follow, we will

deny the mandamus petition.

In 2010, Ruiz-Herrera was convicted in federal court of conspiracy to distribute,

and possession with intent to distribute, five kilograms or more of cocaine.  He was

sentenced to 360 months' imprisonment. We affirmed the judgment of sentence on direct appeal. See C.A. No. 11-2166.

Ruiz-Herrera filed a pro se motion to vacate sentence pursuant to 28 U.S.C. § 2255 in District Court. On September 12, 2013, the District Court appointed Carlos Martir, Jr. to represent Ruiz-Herrera. Ruiz-Herrera continued to file pro se motions. In an order entered October 29, 2013, the District Court denied these motions without prejudice, pending the submission of a counseled brief in support of his § 2255 motion. Ruiz-Herrera filed a motion for reconsideration and asserted that he had not heard from counsel or received an order stating that counsel had been appointed. Martir informed the District Court that he had written Ruiz-Herrera and that he had asked Ruiz-Herrera's counselor to set up a telephone conference in order to discuss his case.

On February 19, 2014, the District Court denied Ruiz-Herrera's motion for reconsideration without prejudice. Noting that Martir had told the Court that he had had difficulty contacting Ruiz-Herrera, the District Court ordered Martir to provide Ruiz-Herrera his contact information and to notify the Court if he were unable to establish contact so that it could take appropriate action. On March 3, 2014, Ruiz-Herrera filed a motion seeking to recall the February 19, 2014 order and asking the District Court to contact Martir or appoint new counsel. Ruiz-Herrera submitted documentation reflecting that prison staff had tried to contact Martir and had left him four messages. He also submitted a copy of his own letter to Martir and stated that Martir did not respond. The March 3, 2014 motion, and a motion to supplement that motion, are pending.

2

On June 12, 2014, Ruiz-Herrera filed the present mandamus petition asking this Court to direct the District Court to compel Martir to contact him or, in the alternative, to appoint new counsel. Ruiz-Herrera also seeks to preclude any communication between Martir and the District Court without his knowledge, and preclude correspondence with his counselor rather than him. On June 13, 2014, the District Court scheduled a video teleconference for June 24, 2014 to address counsel's representation. The teleconference was rescheduled for July 2, 2014 and then rescheduled again for July 23, 2014. Martir is required to appear in court.

Mandamus relief is available in "exceptional circumstances." In re Baldwin, 700 F.3d 122, 126 (3d Cir. 2012) (citations omitted). "We ordinarily may issue 'the writ only to confine inferior courts to their lawful jurisdiction or to compel them to exercise authority when they have a duty to do so.'" Id. In order to be afforded mandamus relief, Ruiz-Herrera must show that he has no other adequate means to attain the relief he desires and that his right to the writ is clear and indisputable. Id. at 127.

Ruiz-Herrera has other adequate means to attain the desired relief. The District Court has acted to address Ruiz-Herrera's representation. In addition to issuing its February 19, 2014 order, the District Court has scheduled a conference to address the matter. We recognize that ten months have passed since counsel was appointed and that counsel has yet to file a brief in support of Ruiz-Herrera's § 2255 motion. We are confident that the District Court will address the situation at the conference.